**BICKERTON LAW GROUP, LLLP**
A LIMITED LIABILITY LAW PARTNERSHIP

JAMES J. BICKERTON            3085
   bickerton@bsds.com
ROBERT S. MIYASHITA         9509
   miyashita@bsds.com
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 801
Honolulu, Hawaiʻi 96813
Telephone: (808) 599-3811
Facsimile:  (808) 694-3090

Attorneys for Plaintiffs
GENE KNIGHT AND CHRISTY KNIGHT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GENE KNIGHT and CHRISTY KNIGHT, his spouse,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

### COMPLAINT

Come now, Plaintiffs GENE KNIGHT and CHRISTY KNIGHT (hereinafter referred to collectively as "Plaintiffs", "Mr. Knight" and "Mrs. Knight" respectively) by and through their attorneys, BICKERTON LAW GROUP, LLLP,

and for a Complaint against the Defendant above-named, allege and aver as follows:

## INTRODUCTION

1. This is an action under the Federal Tort Claims Act, 28 U.S.C. §1346(b) that is based upon a negligent or wrongful act or omission by a United States government agency and/or employee in the course and scope of his or her employment at the Marine Corps Community Services Hawai'i Semper Fit Center onboard the Kaneohe Marine Corps Base, State of Hawai'i, that caused injuries to Plaintiff GENE KNIGHT on January 15, 2020.

## PARTIES

2. Plaintiff GENE KNIGHT is a resident of the City and County of Honolulu, State of Hawai'i.

3. Plaintiff CHRISTY KNIGHT is a resident of the City and County of Honolulu, State of Hawai'i.

4. Plaintiff GENE KNIGHT and Plaintiff CHRISTY KNIGHT have been and are married to each other.

5. Defendant UNITED STATES OF AMERICA DEPARTMENT OF NAVY owns, operates, and controls the Marine Corps Community Services Hawai'i Semper Fit Center onboard the Kaneohe Marine Corps Base, in the State of Hawai'i (hereinafter "Subject Premises").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § § 1331 and 1346(b).

7. The United States District Court for the District of Hawaiʻi is the proper venue for this action because the claim for relief arises in the City and County of Honolulu, in the State of Hawaiʻi.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Defendant UNITED STATES OF AMERICA is referred herein as "Defendant United States."

9. The administrative claim was presented on or about July 30, 2020. The claims of Gene Knight and Christy Knight, Department of the Navy Claim Numbers J200435 and J201593, respectively, were denied by letter dated October 21, 2020, from James C. Frogale, Tort Claims Attorney for the Department of the Navy Office of the Judge Advocate General, Tort Claims Unit Norfolk.

## FACTUAL ALLEGATIONS

10. On January 15, 2020, Mr. Knight was exercising at the Marine Corps Community Services Hawaiʻi Semper Fit Center (hereinafter "Fit Center") located on the Kaneohe Marine Corps Base.

11. The front entrance to the Fit Center was undergoing construction and patrons were directed to walk around the building to the parking lot.

12. At approximately 6:45 p.m., Mr. Knight completed his workout and proceeded around the path from the back area of the Fit Center to the front parking lot as directed by Defendant United States. Suddenly and without warning, Mr. Knight fell into a deep ditch that was located in the foreseeable pedestrian pathway, causing him to hit the bottom with tremendous force on his right side. The ditch was not blocked off. There were no warning signs. There was no lighting in the area. There was no alternative path.

13. The ditch was a dangerous condition that posed an unreasonable risk of harm to Mr. Knight.

14. The dangerous condition existed due to the fact that the ditch was not blocked off, there were no posted warning signs, there was no lighting in the area, was created by Defendant United States, and there was no alternative path of travel provided to or directed for patrons of the Fit Center to use.

15. It is reasonably foreseeable that the pedestrian's path of travel as it existed was a hazardous condition on the Fit Center.

16. Defendant United States was responsible for the maintenance, inspection, repair, and safe condition of the premises of the Marine Corps Community Services Hawai'i Semper Fit Center on the Kaneohe Marine Corps Base, which was open to the public.

17. On January 15, 2020, Defendant United States had in place a directed path of travel to and from the entrance of the Fit Center to the parking lot.

18. The directed path of travel exposed patrons and visitors of the Fit Center to a dangerous condition in the pedestrian pathway, which constituted an unreasonable risk of harm to the Fit Center's patrons, guests and invitees, including Mr. Knight, and was the legal cause of Mr. Knight's serious and permanent injuries.

19. The directed path of travel was an unreasonably dangerous condition created by Defendant United States.

20. Defendant United States had actual or constructive notice of the unreasonable risk of harm. Defendant United States did not warn the Fit Center's patrons, guests and invitees, including Mr. Knight, of the unreasonable risk of harm that existed in the immediate area where the incident occurred, and did not take reasonable steps to remedy or protect against the unreasonable risk of harm.

21. Under the doctrine of *respondeat superior*, Defendant is vicariously liable for the negligence of its employees who created and/or permitted the directed path of travel with a ditch in that path of travel which constituted a violation of applicable laws and regulations and created an unreasonably dangerous condition, which caused Mr. Knight to be seriously injured on January 15, 2020.

22. Mr. Knight's aforesaid injuries and damages were directly and proximately caused by the negligence and/or gross negligence of Defendant United States in failing to exercise due care in properly warning and/or safeguarding invitees of the Fit Center with respect to the unreasonable risk of harm on its premises and/or its unreasonable failure to comply with the applicable laws and regulations regarding safety of access to public use facilities.

23. As a result of the aforesaid incident, Mr. Knight suffered serious personal injuries; endured pain, suffering and emotional distress; sustained wage loss; and incurred medical and/or rehabilitative expenses; loss of enjoyment of life, and an increased risk of developing complications. As a result of the aforesaid Incident, Mrs. Knight sustained a loss of consortium due to the physical injuries and limitations sustained by her husband Mr. Knight.

24. The above injuries sustained by Mr. Knight was caused, in whole or in part, by the intentional, willful, wanton, reckless, grossly negligent or negligent acts of Defendant United States and their employees and/or agents.

25. Each of the above-described intentional, willful, wanton, oppressive, malicious, reckless, grossly negligent, or negligent acts, independently, or in concert with one or others of said acts described above, was a cause and substantial contributing factor resulting in Mr. Knight's injuries, expenses, losses and damages.

26. Each of the above-described intentional, willful, wanton, oppressive, malicious, reckless, grossly negligent, or negligent acts, independently, or in concert with one or others of said acts described above, was a cause and substantial contributing factor resulting in Mrs. Knight's loss of consortium claim.

27. By reason of the foregoing facts, Defendant United States is liable to Plaintiffs for the injuries and harms described above and for general and special compensatory damages in compensation of same in an amount to be proven at trial.

28. Plaintiffs are entitled to an award of general and special damages against Defendant in amounts to be proven at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Gene Knight and Christy Knight, pray for judgment against Defendant United States as follows:

A. Special and general damages for medical, other care, and loss of earnings caused by the above-described acts of Defendant;

B. General compensatory damages for pain and suffering, emotional distress, disability, loss of consortium, and other damages caused by the above-described acts of Defendant;

C. Plaintiffs also request award of their attorney's fees and reasonable costs incurred in this action to the extent permitted by law;

D.  Plaintiffs request post-judgment interest to the extent permitted by law; and,

E.  Plaintiffs request such further relief as this Court may deem just and proper.

DATED:  Honolulu, Hawai'i, April 13, 2021.

*/s/ Robert S. Miyashita*
JAMES J. BICKERTON
ROBERT S. MIYASHITA

Attorneys for Plaintiffs
GENE KNIGHT and CHRISTY KNIGHT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GENE KNIGHT and<br>CHRISTY KNIGHT, his spouse,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Plaintiffs GENE KNIGHT and CHRISTY KNIGHT, his spouse, by and through their attorneys, BICKERTON LAW GROUP, LLLP, hereby demand trial by jury on all issues triable herein.

DATED: Honolulu, Hawaiʻi, April 13, 2021.

*/s/ Robert S. Miyashita*
JAMES J. BICKERTON
ROBERT S. MIYASHITA

Attorneys for Plaintiffs
GENE KNIGHT and
CHRISTY KNIGHT